UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK CALVERT, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FREDERICK DARREN BERG, et al.,<br><br>    Defendants. | CASE NO. C13-1019JLR<br><br>ORDER ON MOTION TO WITHDRAW REFERENCE |

Before the court is Defendant Moss Adams LLP's Motion for Withdrawal of Reference. (Mot. (Dkt. # 1).) Moss Adams asks the court to withdraw the reference to bankruptcy court, where this case is currently before Bankruptcy Judge Karen Overstreet, so that the case may be heard in federal district court. Moss Adams argues that this case involves garden-variety fraud and negligence claims, not bankruptcy matters, and that it will serve the interests of judicial efficiency to hear the case in district court. The reality is more complex. This case is part and parcel of a larger group of cases currently before Judge Overstreet and the Honorable Richard A. Jones. Judge Overstreet is overseeing

ORDER- 1

numerous cases that are directly related to the facts of this case; she has been doing so for three years. As such, Judge Overstreet has unparalleled familiarity with the background facts necessary to understanding and resolving this case. Taking this into account, the court opts to follow the same course set by Judge Jones in ruling on similar matters in connection with this case and (1) withdraws the reference to bankruptcy court; and (2) refers this matter to Judge Overstreet for almost all pretrial matters.[1]

## I. BACKGROUND

This dispute arises out of the collapse and subsequent bankruptcy of several investment funds run by Defendant Frederick Darren Berg. *Calvert et al. v. Berg et al.*, Bkrptcy. No. 12-1649-KAO, Compl. (Dkt. # 1) ¶ 1. Mr. Berg has been accused of running a Ponzi scheme and defrauding hundreds of investors in connection with investment funds known as the "Meridian Funds." *Id.* ¶¶ 1, 5.17. In this action, more than 600 investors attempt to recover money from Moss Adams, an accounting firm that did accounting work for Meridian Funds. *See id.* ¶ 1. The action alleges professional negligence, negligent misrepresentation, and fraud against Moss Adams and similar causes of action against Mr. Berg (who, to date, has not appeared). *Id.* ¶¶ 6.1-9.13. In

---

[1] Defendants have requested oral argument on this motion (*see* Dkt. # 1), but the court denies this request. Oral argument is not necessary where the non-moving party suffers no prejudice. *Houston v. Bryan*, 725 F.2d 516, 517-18 (9th Cir. 1984). "When a party has [had] an adequate opportunity to provide the trial court with evidence and a memorandum of law, there is no prejudice [in refusing to grant oral argument]." *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) (quoting *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991)) (alterations in *Partridge* ). "In other words, a district court can decide the issue without oral argument if the parties can submit their papers to the court." *Id.* Here, the issues have been thoroughly briefed by the parties and oral argument would not be of assistance to the court. Accordingly, the court denies Defendants' request for oral argument.

addition, Plaintiffs filed a First Amended Complaint on October 5, 2012, adding a $6,000.00 fraudulent transfer claim against Moss Adams and a securities claim against Mr. Berg.  *Calvert et al.*, Bkrptcy. No. 12-1649-KAO, First Am. Compl. (Dkt. # 33).

At least two other judges are already working on cases related to the collapse of Meridian Funds.  Judge Overstreet is presiding over all of the many actions connected to Meridian Funds in bankruptcy court, *see id.* at 1, and Judge Jones is presiding over numerous similar actions in district court.  *See In re Mark Calvert*, No. 12-1885-RAJ.  In those actions, Judge Jones described the background to this case and the events prior to this motion as follows:

> Judge Overstreet is presiding over a consolidated bankruptcy proceeding arising from the collapse of a series of purported investment funds that Frederick Darren Berg managed (the "Meridian Funds").  Mr. Berg has been convicted of wire fraud, money laundering, and bankruptcy fraud, and is serving a 216-month sentence.  Investors lost hundreds of millions of dollars as a result of his schemes.  In the consolidated bankruptcy proceeding, Mark Calvert is serving as the liquidating trustee on behalf of the Meridian Investors Trust.
>
> Judge Overstreet has presided over the consolidated bankruptcy proceeding and related matters since at least the middle of 2010.  Even the most cursory review of the docket in the consolidated proceeding (No. 10-17952KAO) and the more than 1000 documents filed therein reveals beyond doubt that no federal judge is more familiar with the financial aftermath of Mr. Berg's schemes.  This court does not purport to have reviewed every document on the docket of the bankruptcy proceeding, but the court observes that no one has disputed the Trustee's repeated assertions that Judge Overstreet has managed this difficult litigation with aplomb.
>
> Since the middle of last year, the Trustee has filed more than 50 adversary proceedings to recover what he contends are fraudulent transfers from the Meridian Funds to various investors in the Meridian Funds, as well as about 10 adversary proceedings to recover fraudulent transfers to non-investors.  Each of the complaints in the adversary proceedings states

ORDER- 3

causes of action under both the Bankruptcy Code and Washington law. Many of the defendants in those adversary proceedings demanded a jury trial, and many of those moved to withdraw the automatic reference of the adversary proceedings to the bankruptcy court.

*In re Mark Calvert*, No. 12-1885-RAJ, 3/5/13 Order (Dkt. # 19) at 2.

Earlier this year, Judge Jones ruled on 33 motions to withdraw the reference in connection with Meridian Funds, each of which sought the same relief this motion now seeks: to bring the cases before the district court instead of having them heard by Judge Overstreet. *See generally id.*, 3/5/13 Order. Judge Jones granted all of these motions to withdraw reference, but at the same time kept all of the Meridian Funds cases with Judge Overstreet for pretrial purposes:

> [T]he court grants each motion to withdraw the reference, but refers each of these actions to Judge Overstreet for almost all pretrial purposes. Judge Overstreet shall be responsible for all pretrial matters, including issuing proposed findings of fact and conclusions of law where necessary in the resolution of a dispositive motion. This court's sole actions in these cases will be to conduct de novo review of any proposed findings of fact and conclusions of law, and to conduct jury trials if necessary.

*Id.* at 1. This case was not one of those 33 cases. With this as background, Moss Adams moved to withdraw the reference in this case.

## II. ANALYSIS

A motion to withdraw the reference is a request to return all or part of a bankruptcy proceeding to the district court. The practice is an outgrowth of the district courts' and bankruptcy courts' shared jurisdiction over bankruptcy proceedings. *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997) (noting that Congress granted district courts "original but not exclusive jurisdiction over all

ORDER- 4

bankruptcy proceedings"). A United States district court has power to initially refer all bankruptcy proceedings to a bankruptcy court (28 U.S.C. § 157(a)), and this District has exercised that option. Local Rules W.D. Wash. LCR 87(a). A district court has authority, however, to withdraw the reference in whole or in part. 28 U.S.C. § 157(d).

A district court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for good cause shown." 28 U.S.C. § 157(d). To determine whether cause is shown, the Ninth Circuit instructs district courts to consider several factors: (1) the efficient use of judicial resources; (2) any delay and costs to the parties; (3) uniformity of bankruptcy administration; (4) prevention of forum shopping; and (5) other related factors. *Sec. Farms*, 124 F.3d at 1008 (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)). Other related factors include whether the claim is "core" or "non-core" as those terms are understood under the bankruptcy law, and whether the claim is triable by a jury. *In re Daewoo Motor Am., Inc.*, 302 B.R. 308, 310 (C.D. Cal. 2003); *Orion*, 4 F.3d at 1101. Within this framework, district courts have discretion to determine whether the moving party has shown sufficient cause to justify granting a motion to withdraw the reference. *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990).

A motion to withdraw reference must also be "timely." 28 U.S.C. 157(d). A motion is timely if "it was made as promptly as possible in light of the developments in the bankruptcy proceeding." *Sec. Farms*, 124 F.3d at 1007 n.3. Here, the parties dispute whether this motion is timely given the circumstances at play in the bankruptcy proceeding. (*Compare* Resp. (Dkt. # 1) at 192-94 *with* Reply (Dkt. # 1) at 206-07.) The

parties raise legitimate factual and legal disputes with respect to the timeliness of the motion (*see id.*), but the court finds it unnecessary to address these arguments. The court may withdraw a reference "on its own motion" at any time. 28 U.S.C. § 157(d); *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 805 (9th Cir. 1991) ("It is clear that, under § 157(d), a district court may withdraw reference at any time, for cause shown . . . .") The parties have demonstrated through this motion that the time is ripe for this court to consider whether to withdraw the reference; this issue needs to be addressed in order for the litigation to move forward. This needs to happen regardless of whether Moss Adams' motion is timely and, accordingly, the court will resolve this issue on its own motion to the extent necessary. With this issue resolved, the court turns to each of the factors listed above to determine whether it is appropriate to withdraw the reference in this case.

**A.     Whether the Claims Are "Core" or "Non-Core"**

"A district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *Orion*, 4 F.3d at 1101. Here, this factor favors withdrawing the reference because most of the claims in this case are "non-core" claims.

Some background is helpful to understand the terms "core" and "non-core" as they are used in the bankruptcy law:

> In *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S. Ct. 2858, 73 L. Ed. 2d 598 (1982), the Supreme Court held that the Bankruptcy Act of 1978 impermissibly shifted essential attributes of judicial power from the Article III district court to its non-Article III adjunct, the bankruptcy court. Congress responded by enacting the Bankruptcy Amendments and Federal Judgeship Act of 1984, which provided district courts with original but not exclusive jurisdiction over all

ORDER- 6

bankruptcy proceedings.  *See* 28 U.S.C. § 1334(b) (1994).  Moreover, to insulate the 1984 Amendments from a constitutional assault like that in *Marathon*, Congress enacted 28 U.S.C. § 157.  That section classifies matters as either "core proceedings," in which the bankruptcy court "may enter appropriate orders and judgments," or "non-core proceedings," which the bankruptcy court may hear but for which it may only submit proposed findings of fact and conclusions of law to the district court for *de novo* review.  28 U.S.C. § 157 (1994).

*Sec. Farms*, 124 F.3d at 1008.  In non-core matters, the bankruptcy court acts as an "adjunct to the district court in a fashion similar to that of a magistrate or special master." *Piombo Corp. v. Castlerock Props.*, 781 F.2d 159, 161 (9th Cir. 1986).  Section 157 contains a non-exhaustive list of 16 types of matters that are considered core proceedings.  The list includes "matters concerning the administration of the estate . . . allowance or disallowance of claims against the estate," and similar claims.  *See* 28 U.S.C. § 157(b)(2).

The parties here do not dispute that all of the claims in this case (except the $6,000.00 fraudulent transfer claim) are properly classified as "non-core."  (*See* Mot. at 163; Resp. at 196.)  In other words, the parties agree that this case involves primarily types of claims that are better heard in district court than in bankruptcy court.  Indeed, the claims themselves do not implicate the expertise of the bankruptcy court in the same way that "core" claims would.  As such, this factor favors hearing this case in district court.

B.     **Efficient Use of Judicial Resources**

This factor favors keeping this case in front of Judge Overstreet.  There are two major considerations with respect to efficient use of resources.  First, the court must consider the fact that this case involves not classic bankruptcy matters, but matters ordinarily heard by and within the expertise of the district court.  The primary claims

ORDER- 7

involved are for professional negligence, negligent misrepresentation, and fraud. *See Calvert et al.*, Bkrptcy. No. 12-1649-KAO, Compl. ¶¶ 6.1-9.13. Under ordinary circumstances, these claims would be ideally suited for resolution in federal district court.

However, the second major consideration is that Judge Overstreet is already extremely familiar with the facts underlying this case. This case is different from a garden-variety fraud and professional negligence case because it has an extremely complicated and involved factual background. *See In re Mark Calvert*, No. 12-1885-RAJ, 3/5/13 Order. A court overseeing this case will need to understand the Berg and Meridian Funds scheme in all of its complexity in order to properly rule on pretrial matters. The greater a court's understanding of these issues, the more likely that court will be able to manage the case in a fair and consistent manner. In short, this case is ideally suited for a judge who already has a firm grasp on the Berg and Meridian Funds scheme and on the litigation that has occurred with respect to that scheme so far. *See id.*

Judge Overstreet is that judge. She has "presided over the Meridian bankruptcy proceedings for nearly three years, and has made impressive progress in that time." *Id.* at 5. "Even the most cursory review of the docket in the consolidated proceeding (No. 10-17952KAO) and the more than 1000 documents filed therein reveals beyond doubt that no federal judge is more familiar with the financial aftermath of Mr. Berg's schemes." *Id.* at 2. Further, "no one has disputed . . . that Judge Overstreet has managed this difficult litigation with aplomb." *Id.*

If this case were to come to district court, the court would have to re-learn what Judge Overstreet has already learned. Instead, the court has the option of benefitting

from Judge Overstreet's vast store of knowledge about this case. To squander this valuable resource would be the very definition of judicial inefficiency. This consideration weighs heavily in favor of keeping the case in front of Judge Overstreet.

**C.     Delay and Costs to the Parties**

This factor is neutral. If this case remains with Judge Overstreet, the court will likely have to review rulings by Judge Overstreet on dispositive motions. This creates an extra step in the litigation process for the parties and will create cost and delay. This consideration caused Judge Jones to conclude that "[t]he need for this court to review findings and conclusions may slightly delay the disposition of some dispositive motions." *Id.* at 6. However, Judge Jones went on to say that those delays would be counterbalanced by "the delays inherent in wresting these cases from the bankruptcy court to one or more district court judges who will have to begin considering them anew." *Id.* The court agrees with Judge Jones that there is added cost and delay for the parties no matter how the court rules on this motion. Thus, this factor is neutral.

**D.     Uniformity of Bankruptcy Administration**

This factor slightly favors keeping the case with Judge Overstreet. There is only one claim in this case for which this factor is an important consideration—the $6,000.00 fraudulent transfer claim. *See Calvert et al.*, Bkrptcy. No. 12-1649-KAO, First Am. Compl. Ideally, this claim would be resolved in uniformity with the other fraudulent transfer claims presently and formerly before Judge Overstreet. *See In re Mark Calvert*, No. 12-1885-RAJ, 3/5/13 Order at 5 ("The need for uniformity of bankruptcy administration favors allowing the bankruptcy court to continue its work.") However,

ORDER- 9

the $6,000.00 fraudulent transfer claim is overshadowed in this case by all of the other claims, for which Plaintiffs demand a total of $150,000,000.00. As such, this factor only slightly favors keeping the case with Judge Overstreet.

**E.     Prevention of Forum Shopping**

This factor favors keeping the case in front of Judge Overstreet. "Forum shopping" occurs when a party attempts to manipulate an action to have it heard before a forum it deems more favorable, charitable, or sympathetic toward its point of view. *Cf. Deaver v. BBVA Compass Consulting and Benefits, Inc.*, --- F. Supp. 2d ----, 2013 WL 2156280, at *5-6 (N.D. Cal. 2013); *Rayco Mfg. Co. v. Chicopee Mfg. Corp*, 148 F. Supp. 588, 592-93 (D.C.N.Y. 1957). Forum shopping is likely present where a party, "perceiving that it may find itself forced into a disadvantageous forum, seeks to manipulate procedural devices to secure an advantage which, were those devices not available, it could not employ to defeat its opponent's choice of forum." *Int'l Union v. Dana Corp.*, No. 3:99CV7603, 1999 WL 33237054, at *4 (N.D. Ohio, Dec. 6, 1999). Forum shopping may be present where a party (1) seeks to obtain a forum applying more favorable law or a forum in which it believes it will fare better;[2] (2) files in a forum with little or no connection to the underlying action;[3] (3) files with timing suggesting an

---

[2] *Honeywell Intern., Inc. v. Intern. Union, United Auto.*, No. 11-04250 (WJM), 2011 WL 6293032, at *3 (D. N.J. Dec. 16, 2011); *State Farm Fire & Cas. Co. v. Willison*, 833 F. Supp. 2d 1200, 1215 (D. Ha. 2011).

[3] *BBC Intern. Ltd v. Lumino Designs, Inc.*, 441 F. Supp. 2d 438, 444 (E.D.N.Y. 2006).

attempt to obtain one forum over another;[4] or (4) seeks to benefit from or avoid past rulings in a particular forum.[5]

Here, the court is concerned that this motion may be an effort to forum shop. In particular, the timing of the motion suggests forum shopping, as does the fact that Judge Overstreet has issued several rulings that Moss Adams may deem unfavorable. On April 5, 2013, Judge Overstreet sanctioned Moss Adams, holding it in civil contempt for failure to comply with a Bankruptcy Rule 2004 subpoena. *In re Consolidated Meridian Funds*, Bankr. No. 10-17952, Memorandum Decision (Dkt. # 1051). On May 17, 2013, Judge Overstreet ruled that the amount of this sanction would be $180,492.53. *Id.*, Letter (Dkt. # 1108). Moss Adams filed this motion on May 15, 2013, in between these two rulings. (*See* Mot.) The timing of this motion suggests that it was prepared not long after Judge Overstreet sanctioned Moss Adams. In addition, Plaintiffs represent that Judge Overstreet, in a related case, ruled on an issue Moss Adams intends to raise in this case and ruled unfavorably to Moss Adams' position. (Resp. at 188, 198.) On the record before it, the court cannot determine conclusively what Moss Adams' motivations are. However, in light of these considerations, the court is concerned that Moss Adams may be seeking not to save time and money, as it claims, but to obtain the benefit of a forum it believes will be more favorable, charitable, or sympathetic. Accordingly, this factor favors keeping the case in front of Judge Overstreet.

---

[4] *Honeywell*, 2011 WL 6293032, at *4.

[5] *Tharo Sys., Inc. v. cab Produkttechnik GmbH & Co. KG*, No. 1:07-cv-00423, 2007 WL 3353571, at *6 (N. D. Ohio, Nov. 9, 2007).

ORDER- 11

**F.     Whether the Claims Are Triable By a Jury**

This factor favors hearing the case in district court.  Plaintiffs allege claims that are triable by a jury, including professional negligence, negligent misrepresentation, and fraud.  *See Calvert et al.*, Bkrptcy. No. 12-1649-KAO, Compl. ¶¶ 6.1-9.13.  Judge Overstreet cannot preside over a jury trial on these claims absent consent from both parties, *Cinematronics*, 916 F.2d at 1451, and Moss Adams has not consented to trial by jury before Judge Overstreet.  A demand for a jury trial does not mandate withdrawal of the reference, *Sigma Micro Corp. v. Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007), but it does weigh in favor of it.

### III.     CONCLUSION

The court has weighed all of the above factors and concludes, just as Judge Jones concluded, that the most sensible course of action is to withdraw the reference to bankruptcy court but refer this case to Judge Overstreet for pretrial matters.  Accordingly, the court mirrors Judge Jones' previous ruling.  *See In re Mark Calvert*, No. 12-1885-RAJ, 3/5/13 Order.  Specifically, the court GRANTS the motion to withdraw the reference (Dkt. # 1) and REFERS this case to the bankruptcy court for all pretrial proceedings in accordance with this order.

Dated this 8th day of July, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 12